IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,181-01






EX PARTE MILTON JAMES AHRLETT, III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-01-041-A IN THE 22ND DISTRICT COURT


FROM HAYS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to five (5) years' imprisonment. 

 Applicant contends that the trial judge awarded him approximately 2 years, 10 months, and
7 days pre-sentence jail time credits in its judgment but that the TDCJ has failed to enforce the
judgment. He alleges that this sentence was initially set to expire on 4/13/2009, but that the TDCJ
moved the maximum expiration date to 10/25/2009. He alleges that there was no valid reason to
move his projected maximum expiration date and that he soon will be illegally confined. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve
the fact issues. The trial court shall order the Texas Department of Criminal Justice's Office of the
General Counsel to file an affidavit addressing: (1) whether or not Applicant is receiving credit for
the time he was confined in county jail prior to sentencing and, if so, the amount of credit awarded;
(2) whether Applicant is receiving credit for the period of time he was confined in county jail after
the sentence was imposed and before he was received into TDCJ custody and, if so, the amount of
credit awarded; and, (3) whether or not Applicant has submitted his claim to the time credit
resolution system of TDCJ and, if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fac as to whether Applicant has properly exhausted his
administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial court shall
also make findings of fact as to whether Applicant has received credit for the time he was confined
in county jail prior to sentencing and, if so, the amount of credit awarded. The trial court shall make
findings of fact as to whether Applicant have received credit for the time he was confined in county
jail after the sentence was imposed and before he was received into TDCJ custody and, if so, the
amount of credit awarded. The trial court shall also make findings as to whether Applicant is
receiving the proper amount of credit for the time he was confined in county jail. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 45 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 60 days of the date of this order. No extensions of time will be
entertained. 

Filed: July 1, 2009

Do not publish